The NATIONAL SHAWMUT BANK OF BOSTON

v.

THE WINTHROP.

THE DORCHESTER.

THE QUINCY.

Nos. 54-21-A, 54-26-A, 54-33-A.

United States District Court,
D. Massachusetts.
March 24, 1955.

Arthur J. Santry, Jr., Putnam, Bell, Santry & Ray, Boston, Mass., for libellant.

Melvin I. Bernstein, Boston, Mass., for intervener Oakes and others.

Charles S. Bolster, Bingham, Dana & Gould, Boston, Mass., for Bethlehem Steel Co., intervening petitioner.

ALDRICH, District Judge.

This matter comes up on a motion to confirm a commissioner's report. Insofar as that report finds that the mortgages were valid incumbrances under the Ship Mortgage Act of 1920, 46 U.S.C.A. § 911 et seq., and that the effect of that act is to subordinate liens acquired after the mortgage to liens antedating the mortgage, and hence preferred maritime liens, the report will be confirmed. Whether Congress had this in mind or not, it is more logical than any other. The Zizania, D.C.D.Mass., 1934 A.M.C. 770; The Home, D.C.W.D. Wash., 65 F.Supp. 94. The report will also be confirmed as to crew's wages.

On the matter of estoppel and laches I will recommit the report.

As to estoppel I agree with the Commissioner that there was no duty on the part of the bank to volunteer disclosure of its plans or the state of the loan to subsequent lienors. On the other hand there was a duty not to make representations that were either false, or misleading and reasonably misunderstood. It would be absurd to provide that the mortgagor must file an affidavit of good faith and lack of intent not to injure subsequent creditors, Benedict, § 78, and later permit the mortgagee affirmatively to mislead them. The question is not whether the lienor thought the mortgagee was going to pay his bill as I do not construe the conversation as meaning that no lien would arise. I cannot tell from the report just what occurred in this respect with regard to Gloucester Marine Rys. Corp., or whether the commissioner applied the correct rule.

As to laches, it is clear that the Commissioner did not apply the correct rule. Lienors, if they otherwise satisfy the requirements, are bona fide purchasers. Benedict, § 464; The Lillie Mills, D.C.D.Mass., Fed.Cas. No. 8,352. While the report gives me certain information to go on, I would rather that he pass on this subject, as to some extent laches involves a question of fact, and he had the advantage of seeing the parties. I caution him, however, that the rule to be applied is a strict one. The Everosa, 1 Cir., 93 F.2d 732. Furthermore, he is to consider laches as it concerns third parties, not as if he were dealing simply with regard to the rights of the earlier lienors and the owner inter sese, as certain of his comments suggest he may have.

I have the less hesitancy in holding that post-mortgage lienors may be bona fide purchasers in this type of case, since the only reason they are subordinated to the ante-mortgage liens is an indirect consequence of the Ship Mortgage Act's providing that ante-mortgage liens are superior to the mortgage. The preference of these liens over post-mort-

gage liens is purely through the happenstance of the mortgage, and not because of any inherent virtue in the ante-mortgage liens themselves, standing alone. It seems illogical to provide that the mortgage remains good against subsequent lienors only if rigid notice requirements are strictly observed, and at the same time protect indefinitely secret ante-mortgage liens regardless of the lack of diligence of the lienors.

However, in considering laches it is obvious that it may have taken place before some subsequent liens attached, but not before the mortgage; or, it may have occurred even before the mortgage. One of these alternatives poses a problem. If laches occurred before the mortgage, then, of course, it occurred before the post-mortgage liens, and the lached liens will come after both. The Ship Mortgage Act does not mean that a preferred lien may not lose its status by laches. The John Cadwalader Co., 3 Cir., 99 F.2d 678; Gulf Coast Marine Ways v. The J. R. Hardee, D.C.S.D.Tex., 107 F.Supp. 379. If laches occurred after the mortgage but before the post-mortgage liens, either the post-mortgage lienors may not get the due benefit of this because the ante-mortgage liens will be preferred over the mortgage, which in turn is paramount to them, or, if the post-mortgage liens are given preference over the guilty liens because of their laches, this benefit will in turn accrue to the mortgage since it is paramount to the post-mortgage liens.

On the face of the present report it would appear quite possible that this situation may arise. Inasmuch as it might present a most troublesome dilemma—see Note, 2 Wash.L.Rev. 117—I recommit the report solely for the purpose of determining the question of estoppel, the dates of the several liens, and the dates on which in the Commissioner's opinion laches arose as to each. The legal consequences I will thereafter determine. The Commissioner shall consider only those liens already proven, and not reopen to establish liens not sufficiently proved at the prior hearings.